Green, J.,
delivered the opinion of the court.
This cause was commenced by original attachment. The bond, executed by the plaintiff, is a copy of the form given in the twenty-fourth section of the attachment law; but the plaintiff in error insists, that the nineteenth section requires that the bond should be conditioned, not only to proseóute the suit with effect, or pay “all costs and damages which may be recovered in any suit which may hereafter be brought, for wrongfully suing out said attachment,’’ but that it should be conditioned also, to pay such damages for wrongfully suing out the attachment, whether the suit be presecuted with effect or not.
The nineteenth section says, the bond shall be taken, *91 "conditioned for satisfying all costs, which shall be awarded, in case the plaintiff shall be cast in the suit, and also all damages which shall be recovered ag'ainst the plaintiff, in any suit or suits which may be brought against him, for wrongfully suing out such attachment.” The meaning of this provision is the same, as if the sentence had been transposed, so as to read thus: “Conditioned, that in case the plaintiff shall be cast in the suit, he shall satisfy all costs which maybe awarded, and'also all damages which shall be recovered against him, in any ‘suit which may be brought for wrongfully suing out the attachment. Thus changed, the provision is the same with that contained in the form of the bond, as given in section twenty-four, and there is no conflict or inconsistency in the act.
The force of the argument, that an attachment will not lie to recover money won at gaming, because the act of 1799, ch. 8, sec. 4, gives debt, or case, for its recovery, is not perceived. Any form of action, for the recovery of money due and owing, may be commenced by attachment. It is only a method of bringing the party in, where personal service cannot be had. The declaration then sets out the cause of action, and it is thence prosecuted according to its appropriate form.
Whether a replevy bond ought to have been given, before the defendant’s counsel should have been permitted to plead, is a question upon winch the plaintiff below might have insisted; but if he waives any advantage from said error, the plaintiff in error cannot avail himself of it, because, if wrong, it was an act done for his benefit.
As welbmight a party object as error, that incompetent testimony which he had offered, had been received.
Judgment affirmed.